UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) Chapter 15 |
| JSC Alliance Bank, | ) Case No. 10-10761 (JMP) |
| Debtor in a Foreign Proceeding. | ) |

**ORDER GRANTING PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING AND REQUEST FOR RELATED RELIEF**

Upon consideration of the Verified Petition for Recognition of Foreign Main Proceeding and Request for Related Relief dated February 16, 2010 (the "Petition"), the Kabashev Declaration,[1] and the Maltsev Declaration (together with the Petition and the Kabashev Declaration, the "Chapter 15 Pleadings"), each filed on February 16, 2010 by or on behalf of the Petitioner, Maxat Rakhimzhanovich Kabashev, in his capacity as the duly-appointed foreign representative of JSC Alliance Bank (the "Bank," or "Debtor"), the debtor in a voluntary restructuring proceeding currently pending before the Specialized Financial Court of Almaty City (the "Financial Court") in the Republic of Kazakhstan (the "Kazakh Proceeding"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157; and it appearing that venue is proper before this Court pursuant to 28 U.S.C. § 1410; and the Court having considered and reviewed the Chapter 15 Pleadings and having held a hearing to consider the relief requested in the Petition on March 9, 2010 (the "Recognition Hearing"); and it appearing that timely notice of the filing of the Chapter 15 Pleadings, the Petition, and the Recognition Hearing has been given to the Debtor and the Office of the United States Trustee for the Southern District of New York and that such notice has been further given to U.S. Creditors

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to such terms in the Petition.

and U.S. correspondent banks of the Debtor and published in the National Edition of the Wall Street Journal and that no other or further notice need be provided; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**FOUND**, that:

1. This case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1410(1) and (3).

5. The Kazakh Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

6. The Kazakh Proceeding is pending in the Republic of Kazakhstan, which is the country where the Debtor has the center of its main interests and, as such, the Kazakh Proceeding is a "foreign main proceeding" within the meaning of sections 1502(4) and 1517(b)(1) of the Bankruptcy Code.

7. Petitioner, Maxat Rakhimzhanovich Kabashev, who serves as Chairman of the Bank's Management Board, has been duly appointed, made responsible for administering the restructuring of the Bank and been authorized to serve as the "foreign representative" with respect to the Kazakh Proceeding within the meaning of section 101(24) of the Bankruptcy Code.

8. The Petition meets all of the requirements set forth in section 1515 of the

Bankruptcy Code.

9. The Kazakh Proceeding is entitled to recognition by the Court pursuant to section 1517(a) of the Bankruptcy Code.

10. The Debtor and the Foreign Representative are entitled to all of the relief set forth in section 1520 of the Bankruptcy Code.

11. Appropriate notice of the filing of the Petition was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

12. The relief granted hereby is necessary and appropriate, in the interests of the public and of international comity, not inconsistent with the public policy of the United States, warranted pursuant to section 1520 of the Bankruptcy Code, and will not cause hardship to creditors of the Debtors or other parties-in-interests that is not outweighed by the benefits of granting that relief.

For all of the foregoing reasons, and for the reasons stated by the Court on the record of the Recognition Hearing, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED**, that:

(A) The Kazakh Proceeding is granted recognition as a foreign main proceeding pursuant to sections 1517(a) and (b)(1) of the Bankruptcy Code;

(B) The Debtor and the Foreign Representative are granted all of the relief set forth in section 1520 of the Bankruptcy Code including, without limitation, the application of the protection afforded by the automatic stay under section 362(a) of the Bankruptcy Code to the Bank worldwide and to the Bank's property that is within the territorial jurisdiction of the United States.

(C) This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any request for additional relief and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

(D) The Petitioner shall provide service and notice of this Order by first class mail, postage prepaid, upon (a) all parties to litigation pending in the United States in which a Debtor is a party at the time of filing of the Petition and (b) the United States Trustee for the Southern District of New York, which service and notice shall constitute adequate and sufficient service and notice of this Order.

Dated: New York, New York
March 10, 2010

*/s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE